UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHNNIE WESTLEY MC MILLON,

                           Plaintiff,

                                                                       DECISION AND ORDER

                                                                        05-CV-6558L

                      v.

NURSE KATHLEEN DAVIDSON,
DOCTOR JIM DUNLOP,
HEAD NURSE NICKI,

                           Defendants.
_____

       Plaintiff, Johnnie W. McMillon, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff alleges a number of claims arising out of his week-long detention at the Erie County Holding Center ("ECHC"), from January 7 to January 14, 2004.

       In short, plaintiff alleges that he suffered pain as a result of a fractured rib, which he had sustained prior to his arrival at ECHC, and that he was denied adequate medical treatment at ECHC. Plaintiff has sued three defendants, all of whom were at all relevant times employed at ECHC: Nurse Kathleen Davidson, Dr. James Dunlop, and Head Nurse Nkechi Ilogu.

       Defendants have moved for summary judgment. For the reasons that follow, the motion is granted.

## DISCUSSION

**I. Eighth Amendment Claims:  General Principles**

For medical treatment to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, a plaintiff must prove that a physician's actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A "serious medical need" is one which presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'"  *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  *See also Harrison v. Berkley*, 219 F.3d 132, 136-37 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance*, 143 F.3d at 702).

In determining whether a serious medical need exists, the Court examines serval factors, including "the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment; significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  *Chance*, 143 F.3d at 702.

As to the "deliberate indifference" prong, the Court's analysis includes both an objective and subjective component.  *See Wilson v. Seiter* 501 U.S. 294, 298-99 (1991).  The Court must ask whether there has been a "sufficiently serious" deprivation of the prisoner's constitutional rights, *id.* at 298, and whether the defendant acted with a "culpable state of mind," *id.* at 299, such that he both knew of and disregarded an excessive risk to an inmate's health. *Hill v. Curcione*, 657 F.3d 116, 112 (2d Cir. 2011).

It is also clear that "medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness ... . In this connection, the Supreme Court has held that 'a complaint that a physician has been negligent in diagnosing or treating a medical

condition does not state a valid claim ... under the Eighth Amendment.'" *Id.* at 123 (quoting *Estelle*, 429 U.S. at 106).

Further, "[i]t has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." *Hill*, 657 F.3d at 123. The Second Circuit informs us that "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eight Amendment violation." *Chance*, 143 F.3d at 703.

## II. Application to this Case

In the case at bar, viewing the facts in the light most favorable to plaintiff, the Court will assume, for purposes of defendants' motion, that McMillon's pain from his fractured rib presented a serious medical need. There is no dispute that plaintiff did sustain a fractured rib, and the Court assumes the truth of his allegations that he suffered substantial pain as a result of that injury. Severe pain can itself constitute a serious medical need for Eighth Amendment purposes. *See*, *e.g.*, *Tsosie v. Dunbar*, No. CV-10-2104, 2012 WL 1191642, *8 (M.D.Pa. Apr. 10, 2012) ("Persistent severe pain qualifies as a serious medical need"); *Faraday v. Lantz*, No. 03-CV-1520, 2005 WL 3465846, at *5 (D.Conn. Dec. 12, 2005) (lower back pain caused by herniated discs and sciatica constituted a serious medical need).

Nevertheless, plaintiff's claim fails because the record does not indicate the culpable state of mind necessary for an Eighth Amendment medical claim. Plaintiff admits that when he arrived at ECHC on January 7, 2004, he signed a medical intake form indicating that he had no injuries and that he did not want any medical treatment. *See* Dkt. #29-3; Def. Rule 56 Stmt. ¶ 4; Pl. Rule 56 Stmt. ¶ 4.

The record is also clear that plaintiff was seen by defendant Davidson, with a complaint of a rib injury, *see* Dkt. #29-4, and that on January 12 or 13, he was examined by defendant Dunlop,

who prescribed 600 milligrams of Motrin. *See* Pl. Depo. Tr. (Dkt. #29-8) at 27; Dkt. #29-4.[1] By plaintiff's own admission, Dr. Dunlop sent plaintiff to an outside facility, the Erie County Medical Center ("ECMC") for an x-ray and evaluation. *Id.* at 27-29. Plaintiff testified that at the ECMC, he was diagnosed with a rib fracture and prescribed "ibuprofen or Motrin or something ... ." *Id.* at 32. The records from ECMC indicate that plaintiff was given Motrin for pain relief. *See* Dkt. #29-5 at 10.

Thus, the record shows that defendants did treat plaintiff. That treatment may not have been as swift as plaintiff would have preferred, but there is no evidence that defendants deliberately ignored his complaints.

Mostly, plaintiff complains that he was not treated as quickly as he should have been. While a delay in treatment can give rise to an Eighth Amendment claim, depending on the particular facts, *see Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (court faced with a claim alleging delay in treatment should "take into account the severity of the temporary deprivation alleged by the prisoner"), the relatively short delay here does not rise to that level, especially considering that ultimately, no more treatment was apparently prescribed for plaintiff than the administration of over-the-counter pain relief, which is what he received at ECHC. Plaintiff does not allege that he suffered any long-lasting harm as a result of the alleged delay of a few days in receiving pain medication, and there is no showing that defendants deliberately ignored his complaints, or that they purposely delayed treating his symptoms, for the purpose of causing him to suffer pain. *See id.* ("it's the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition, considered in the abstract, that is relevant for Eighth Amendment purposes").

---

[1] Plaintiff testified that he was seen by Dunlop on January 12. *See* Dkt. #29-8 at 27. Dunlop states, and the medical records indicate, that this took place on January 13. *See* Dkt. #30 ¶ 7; Dkt. #29-4. Although plaintiff contends that Dunlop's notes from this examination are illegible, the notes do indicate that he was prescribed 600 mg of Motrin, *see* Dkt. #29-4, and plaintiff has not submitted any evidence to the contrary.

Plaintiff was only at ECHC for seven days and there was a significant amount of activity concerning plaintiff's medical needs during that time. There is no basis here for an Eighth Amendment claim; neither the objective nor subjective elements of such a claim have been established.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #28) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 9, 2012.